**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Sarah Barr
Assistant United States Attorney
Sarah.Barr@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
William M. Narus
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 28, 2025

Ms. Molly Dwyer
Clerk of the Court
United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

    Re:    No. 23-4132, *United States v. Daniel Matthew Kittson*
             Oral Argument – June 12, 2025 (Portland, Oregon)
             Government's 28(j) Letter

Dear Ms. Dwyer:

The following citations relate to defendant's contested claim that 18 U.S.C. § 922(o) is unconstitutional under the Second Amendment in light of *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). *See* Def. Op. Br. at 35-40; Gov't Ans. Br. at 34-49.

- Relevant to the government's argument that *Bruen* did not abrogate *United States v. Henry*, 688 F.3d 637 (9th Cir. 2012), Gov't Ans. Br. at 35-38:

    o *United States v. Duarte*, _F.4th_, 2025 WL 1352411, at *4-*6 (9th Cir. May 9, 2025) (en banc) (concluding that *Bruen* did not invalidate circuit caselaw that relied on the limiting principles articulated in *District of Columbia v. Heller*, 554 U.S. 570 (2008) to find § 922(g)(1) constitutional).

Molly Dwyer, Clerk of the Court
Page 2
May 28, 2025

------------------------

- Relevant to the government's argument that the Second Amendment does not protect possession of machineguns because they are firearms that are not in "common use" but are "dangerous and unusual," Gov't Ans. Br. at 34-35, 39-47:

    - *Duncan v. Bonta*, 133 F.4th 852, 882 (9th Cir. 2025) (en banc);

    - *United States v. Rush*, 130 F.4th 633, 637 (7th Cir. 2025);

    - *Hanson v. Smith*, 120 F.4th 223, 237-40 (D.C. Cir. 2024).

- Relevant to the government's argument that the Second Amendment permits disarmament of persons while on parole, Gov't Ans. Br. at 38-39:

    - *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024) (federal supervised release);

    - *United States v. Goins*, 118 F.4th 794 (6th Cir. 2024) (state probation);

    - *United States v. Contreras*, 125 F.4th 725 (5th Cir. 2025) (federal supervised release);

    - *United States v. Giglio*, 126 F.4th 1039 (5th Cir. 2025) (federal supervised release);

    - *United States v. Quailes*, 126 F.4th 215 (3d Cir. 2025) (state probation and parole).

- Relevant to the government's assertion that it may make any argument in support of a properly raised federal claim, Gov't Ans. Br. at 48-49:

    - *United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024) ("Because the Second Amendment analysis is a legal inquiry into the text and history related to the relevant regulation, the government may provide additional legal support for its arguments on appeal").

Molly Dwyer, Clerk of the Court
Page 3
May 28, 2025

                                                  Sincerely,

                                                  WILLIAM M. NARUS
                                                  Acting United States Attorney
                                                  District of Oregon

                                                  *s/Sarah Barr*
                                                  SARAH BARR
                                                  Assistant United States Attorney

cc: Michael Benson, Attorney for Petitioner