**FEDERAL PUBLIC DEFENDER**
DISTRICT OF OREGON

**MICHELLE SWEET**
First Assistant Defender

**FIDEL CASSINO-DUCLOUX**
Federal Public Defender

**EUGENE BRANCH OFFICE**
Kurt Hermansen
Branch Manager
859 Willamette Street, Suite 200
Eugene, OR 97401
541-465-6937
Fax: 541-465-6975

101 SW Main Street, Suite 1700
Portland, OR 97204
503-326-2123 / Fax: 503-326-5524

**MEDFORD BRANCH OFFICE**
Brian Butler
Branch Manager
15 Newtown Street
Medford, OR 97501
541-776-3630
Fax: 541-776-3624

Michael Charles Benson
Assistant Federal Public Defender
Michael_Benson@fd.org
Reply to Portland

June 4, 2025

Molly Dwyer, Clerk
United States Court of Appeals
 for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      Re:    *United States v. Kittson*, No. 23-4132
             Oral Argument: June 12, 2025, in Portland, Oregon

Dear Ms. Dwyer:

This letter addresses two intervening Ninth Circuit decisions regarding the Second Amendment that have been issued since Mr. Kittson's briefing was finalized.

First, *Duncan v. Bonta*, 133 F.4th 852, 882 (9th Cir. 2025) (en banc) upheld California's large capacity magazine ban. This Court determined that large capacity magazines are not arms protected by the Second Amendment, but instead mere accessories. *Id*. at 860. *Duncan* relied on a historical tradition of "regulating a component" of a firearm to find that California's large capacity magazine ban was similar to historical precedents, in part, because it did not "ban any weapon." *Id*. at

June 4, 2025
Page 2

878-79. That is not true of the PPSh-41 in this case or of machineguns in general; the statute at issue in this case directly bans types of arms. *Duncan* cannot stand for the proposition that every technological advancement that increases the potential lethality of an arm is subject to regulation, as that argument was specifically rejected by the United States Supreme Court. *See District of Columbia v. Heller*, 554 U.S. 570, 582 (2008) (rejecting the argument "that only those arms in existence in the 18th century" are covered).

Second, in *United States v. Duarte*, -- F.4th ---, 2025 WL 1352411, at *3 (9th Cir. May 9, 2025) (en banc), this Court held that felons are in fact among "the people" to whom the plain text of the Second Amendment applies. Since Mr. Kittson is included in the people, the statute at issue in this case must fit within the Nation's historical tradition of firearm regulation. *Id*. at 8. Though *Duarte* upheld the constitutionality of 18 U.S.C. § 922(g)(1), because Mr. Kittson was acquitted of that conduct and was not barred from assisting in the transfer of any arms by virtue of his prior criminal conviction that issue is not determinative here.

Sincerely,

*s/ Michael Charles Benson*
Michael Charles Benson
Assistant Federal Public Defender

cc:   Sarah Barr, Attorney for Respondent