**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Sarah Barr
Assistant United States Attorney
Sarah.Barr@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
William M. Narus
Acting United States Attorney

June 6, 2025

Ms. Molly Dwyer
Clerk of the Court
United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

    Re:    No. 23-4132, *United States v. Daniel Matthew Kittson*
            Oral Argument – June 12, 2025 (Portland, Oregon)
            Government's 28(j) Letter

Dear Ms. Dwyer:

The citations herein relate to the government's argument that 18 U.S.C. § 922(o)(2)(A) does not exempt machinegun transfers made to unknown undercover agents. *See* Gov't Ans. Br. at 12–18.

Involving convictions under 26 U.S.C. §§ 5861(d), (e) where defendants possessed, transferred, or aided the transfer of machineguns to undercover agents pre-1986:

- *United States v. Tarr*, 589 F.2d 55, 61 (1st Cir. 1978) (transfer);

- *United States v. Dwyer*, 539 F.2d 924, 925 (2d Cir. 1976) (sold);

- *United States v. Crossman*, 663 F.2d 607, 609 (5th Cir. 1981) (negotiated purchase);

Molly Dwyer, Clerk of the Court
Page 2
June 6, 2025

---

- *United States v. Pingleton*, 458 F.2d 722, 723 (7th Cir. 1972) (transfer);

- *United States v. Johnson*, 562 F.2d 515, 517 (8th Cir. 1977) (participated in sale);

- *United States v. Gillis*, 474 F.2d 4, 5 (9th Cir. 1973) (sold);

- *United States v. Rogers*, 652 F.2d 972, 973 (10th Cir. 1981) (aided transfer);

- *United States v. Sorrells*, 714 F.2d 1522, 1530 (11th Cir. 1983) (aided transfer).

Relating to federal registration requirements for machineguns:

- *United States v. Gillis*, *supra* (tax exemption did not apply to transfer made to an unknown undercover agent because the transferor did not comply with registration requirements);

- *United States v. Khatib*, 706 F.2d 213, 216 (7th Cir. 1983) (no defense to receiving unregistered silencers that the transferor turned out to be undercover agent who was not required to register it);

- *United States v. Freed*, 401 U.S. 601, 607 (1971) (describing requirements for lawful transfer);

- 26 U.S.C. §§ 5811, 5812 (1985) ($200 tax and transfer procedures);

- 26 U.S.C. §§ 5852(a), 5853(a) (1985) (tax exemption for firearm transfer to government);

- 26 U.S.C. § 5852(f) (1985) (requirement that tax-exempt transfer comply with regulations);

- 26 C.F.R. § 179.89 (tax-exempt transfer to government must follow procedures);

Molly Dwyer, Clerk of the Court
Page 3
June 6, 2025

- 26 C.F.R. § 179.90 (transferor must know exempt status of the transferee).

    Relating to the constitutionality of § 922(o) under the Commerce Clause:

- *United States v. Rambo*, 74 F.3d 948, 951–52 (9th Cir. 1996) (citing *United States v. Wilks*, 58 F.3d 1518 (10th Cir. 1995));

- *Wilks*, *supra* at 1521–22 (10th Cir. 1995) (considering § 922(o) within the historical development of federal firearms legislation).

Sincerely,

WILLIAM M. NARUS
Acting United States Attorney
District of Oregon

*s/Sarah Barr*
SARAH BARR
Assistant United States Attorney

cc: Michael Benson, Attorney for Defendant-Appellant