# FEDERAL PUBLIC DEFENDER
### DISTRICT OF OREGON

**MICHELLE SWEET**
First Assistant Defender

**FIDEL CASSINO-DUCLOUX**
Federal Public Defender

**EUGENE BRANCH OFFICE**
Kurt Hermansen
Branch Manager
859 Willamette Street, Suite 200
Eugene, OR 97401
541-465-6937
Fax: 541-465-6975

101 SW Main Street, Suite 1700
Portland, OR 97204
503-326-2123 / Fax: 503-326-5524

**MEDFORD BRANCH OFFICE**
Brian Butler
Branch Manager
15 Newtown Street
Medford, OR 97501
541-776-3630
Fax: 541-776-3624

Michael Charles Benson
Assistant Federal Public Defender
Michael_Benson@fd.org
Reply to Portland

June 16, 2025

Molly Dwyer, Clerk
United States Court of Appeals
 for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

     Re:   *United States v. Kittson*, No. 23-4132
            Oral Argument: June 12, 2025, in Portland, Oregon

Dear Ms. Dwyer:

At oral argument, the Court inquired whether Mr. Kittson's request for a judgment of acquittal on Count 1 would violate the rule in *Powell v. United States*, 469 U.S. 57 (1984), against overturning inconsistent verdicts. This issue had not previously been raised by the government or addressed by the parties. In *Powell*, the Court held that a defendant cannot seek reversal based on inconsistent verdicts because courts cannot know which side the inconsistency favored. *Id*. at 477. The rule from *Powell* is inapplicable here because the jury in Mr. Kittson's case did not return an inconsistent verdict. Rather, the rule applicable here is collateral estoppel.

June 16, 2025
Page 2

Generally, the government can be collaterally estopped from retrying "any issue that was necessarily decided by a jury's acquittal in the prior trial." *Sivak v. Hardison*, 658 F.3d 898, 918 (9th Cir. 2011) (quoting *Yeager v. United States*, 557 U.S. 110, 174 (2009)). The inquiry is "set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Id.* at 919 (quoting *Ash v. Swenson*, 397 U.S. 436, 444 (1970)). *Powell* acknowledged collateral estoppel but reasoned that "issue preclusion is 'predicated on the assumption that the jury acted rationally,'" and inconsistent verdicts reached by a single jury are not rational. *Bravo-Fernandez v. United States*, 580 U.S. 5, 13 (2016) (quoting *Powell*, 469 U.S. at 68).

Here, the jury's guilty finding on Count 1 on a transfer theory, rather than possession, is consistent with "all the circumstances of the proceedings." *Hardison*, 658 F.3d at 918; *see also Yeager*, 557 U.S. at 125 (refusing to impugn an acquittal merely because of a "*suggestion* that the jury may have acted irrationally"); 2-ER-191-92 (instructing the jury on transfer theory for Count 1). The only issue litigated at trial with respect to Count 2 was whether Mr. Kittson possessed the firearm, and the government has never suggested any other basis for the jury's acquittal on that count. Accordingly, a retrial on the theory that Mr. Kittson possessed the firearm is

June 16, 2025
Page 3

collaterally estopped. Mr. Kittson can provide supplemental briefing if it would assist the Court.

Sincerely,

*s/ Michael Charles Benson*

Michael Charles Benson
Assistant Federal Public Defender

MB/cb